## Hollidaysburg Borough *v.* Snyder, Executor, Appellant.

*Negligence — Municipalities — Defective sidewalks — Judgment against city—Action over against property owner—Defenses—Notice of suit against city—Evidence—Record of former trial—Admissibility.*

Where in an action brought by a municipality to recover from a property owner the amount of a judgment which it was compelled to pay in an action brought for injuries resulting from the dangerous condition of defendant's sidewalk, the evidence was conflicting as to whether defendant had notice of the action brought against the municipality, the record of the action brought against the municipality showing that defendant was actually present and testified at such trial was properly admitted in evidence.

Argued April 18, 1917. Appeal, No. 210, Jan. T., 1916, by defendant, from judgment of C. P. Blair Co., Oct. T., 1915, No. 226, on verdict for plaintiff, in case of Borough of Hollidaysburg v. Plymouth W. Snyder, Executor of Anna C. Bell, Deceased. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and WALLING, JJ. Affirmed.

Assumpsit to recover the amount of a judgment which plaintiff was compelled to pay for injuries caused by the dangerous condition of defendant's sidewalk. Before BALDRIGE, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,072.31 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence and instructions to the jury, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*John M. Snyder,* with him *J. Lee Plummer* and *William L. Snyder,* for appellant.

*Marion D. Patterson* and *Thomas H. Greevy,* for appellee, were not heard.

PER CURIAM, May 14, 1917:

This action was brought by the Borough of Hollidaysburg to recover from the estate of Anna C. Bell, deceased, the amount of a judgment it was compelled to pay in a suit brought against it by Teresa Green, for injuries sustained in falling on an icy pavement in front of a property owned by Miss Bell. The record of that suit was admitted in evidence in this action, and the main complaint of the appellant—and the only one to be noticed —is of its admission, because, he alleges, he had not received notice from the borough of the former proceed-

ing against it. Whether he had received such notice, and was thus given the opportunity to ask to intervene as a defendant, was submitted to the jury as a question of fact, and their finding that he had had due notice of the proceeding against the borough, was supported by the evidence. The borough solicitor testified that when the case against the borough was fixed on the trial list he went to the appellant and said to him, "It is highly important for you to take some interest in this case, for, in the event of the borough being held responsible, it may be possible that you will in turn be made liable." In addition to this, the appellant was actually present at the trial of the case and testified in it as a witness. Nothing is discoverable in the assignments of error calling for a retrial of the case, and the judgment is affirmed.